**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SIGNODE INDUSTRIAL GROUP LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMUEL, SON & CO., LTD. and SAMUEL, SON & CO. (USA) INC. d/b/a SAMUEL PACKAGING SYSTEMS GROUP and SAMUEL STRAPPING SYSTEMS, <br><br> Defendant. | C.A. No. 2:24-CV-00080-JRG <br><br> **Jury Trial Demanded** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Signode Industrial Group LLC ("Signode") files this First Amended Complaint for patent infringement against Defendants Samuel, Son & Co., Ltd. ("Samuel Canada") and Samuel, Son & Co. (USA) Inc. d/b/a Samuel Packaging Systems Group and Samuel Strapping Systems ("Samuel USA" and together with Samuel Canada, "Samuel") and in support alleges as follows:

## INTRODUCTION

1.     This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271, based on Samuel's infringement of U.S. Patent Nos. 11,667,417 ("the '417 Patent"), 11,667,418 ("the '418 Patent"), and 11,932,430 ("the '430 Patent") (collectively, "the Asserted Patents").

## THE PARTIES

2.     Plaintiff Signode is a Delaware limited liability company with its principal place of business at Hidden River Corporate Center Two, 14025 Riveredge Drive, Suite 500, Tampa, Florida, 33637.

3.     Defendant Samuel Canada is a Canadian corporation with its principal place of business at 1900 Ironoak Way, Oakville, Ontario, Canada.

4.     Defendant Samuel USA is a Delaware corporation with its principal place of business at 1401 Davey Road, Suite 300, Woodridge, IL, 60517. Samuel USA does business under the names Samuel Packaging Systems Group and Samuel Strapping Systems.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the United States patent laws, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271.

6.     This Court has personal jurisdiction over Samuel because, as detailed below: Samuel has done and continues to do business in Texas, Samuel has committed acts within this District giving rise to this action, and Samuel has recruited residents of this District for employment. Samuel has established minimum contacts with this forum such that the exercise of jurisdiction over Samuel would not offend traditional notions of fair play and substantial justice.

7.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1391, 1400(b) because, as detailed below, Samuel has a regular and established place of business in this District and has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the Asserted Patents.

8.      Samuel owns a sales and distribution center in this District at 623 Fisher Road, Longview, Texas 75604.

9.      The following image depicts the exterior of Samuel's regular and established place of business in Longview, Texas.



10.      Gregg County Property records indicate that Samuel USA owns this property.



11.     On information and belief, Samuel's Longview facility employs sales personnel and serves as a warehouse and distribution center for Samuel's strapping tools. For example, brochures of various Samuel strapping tools are available at the Longview facility.



12.     On information and belief, over 30 Samuel employees on LinkedIn purport to work in Texas, including in Longview, and that group includes sales representatives, field technicians, warehouse supervisors, the equipment division operations manager, a regional manager, an accountant, purchasing assistants, and call center managers.

13.     On information and belief, Samuel's Longview facility includes customer pick-up and receiving for orders and product deliveries.

14.     On information and belief, Samuel's accused STL-500 tool has been available at its Longview facility and is offered for sale and sold in this District through Samuel's website, www.samuelpackagingstore.com.

## THE ASSERTED PATENTS

15.     The United States Patent and Trademark Office issued the '417 Patent, entitled "Strapping Device Having a Pivotable Rocker," on June 6, 2023.

4

16.     Signode lawfully owns the '417 Patent, and a true and correct copy of the '417 Patent is attached as Exhibit "A."

17.     The United States Patent and Trademark Office issued the '418 Patent, entitled "Strapping Apparatus," on June 6, 2023.

18.     Signode lawfully owns the '418 Patent, and a true and correct copy of the '418 Patent is attached as Exhibit "B."

19.     The United States Patent and Trademark Office issued the '430 Patent, entitled "Strapping Device Having a Pivotable Rocker," on March 19, 2024.

20.     Signode lawfully owns the '430 Patent, and a true and correct copy of the '430 Patent is attached as Exhibit "C."

## **FACTUAL BACKGROUND**

### Signode's Business

21.     Signode and its global affiliates make and sell hundreds of products that protect their customers' goods during warehousing and transit. Those products include consumables— such as plastic strap, steel strap, and plastic stretch film—and tools and equipment that apply the consumables to goods to pack, bundle, unitize, protect, and secure them.

22.     The high-end market for industrial-packaging tools and equipment in which Signode participates is highly competitive, which incentivizes innovation.

23.     Signode has grown its global patent portfolio to over 360 United States issued patents or pending patent applications and over 980 issued patents or pending patent applications outside the United States. Signode's portfolio covers over 350 inventions and spans diverse business platforms, as well as the different countries in which it operates. Signode's sizable patent portfolio demonstrates its pioneering role and commitment to protecting its technology.

24.     Many of Signode's pioneering innovations and patents are directed to battery powered strapping tools used to form a tensioned loop of plastic strap around a load of goods to bundle them together or to unitize them onto a pallet ("battery plastic strapping tools").

25.     Signode sells its current-generation battery plastic strapping tools globally under three brands: the Signode® BXT3-13/16/19/32 series, the Orgapack® ORT-130/260/450/670 series, and the Strapex® 71/73/75/77 series. Because all of these tools rely on the same underlying technology, we collectively refer to them throughout as the "BXT3" and the "BXT3 series."



26.     The BXT3 series makes up over half of the global market share for high-end battery plastic strapping tools.

27.     Being one of Signode's most innovative and profitable product lines, Signode has more than 200 patents and patent applications around the world covering battery plastic strapping tools, including patents covering more than 15 of the BXT3's inventive features and several features that Signode developed but did not include in the BXT3 or its predecessors.

<u>Samuel's Business</u>

28.     Samuel manufactures battery plastic strapping tools.

29.     Recently, Samuel began manufacturing the STL-500 battery plastic strapping tool in the United States and started advertising this tool to the United States market through at least its

website and videos posted to YouTube that show the tool in action (for example https://youtu.be/lVXTMyRk67Y?list=TLGGdT_4DQVrCGEwMTAyMjAyNA).



30.    Samuel advertises a mobile application that supports the STL-500 that allows the user to customize settings, access information related to the STL-500, and track certain maintenance-related metrics. STL-500, https://samuelpackagingstore.com/products/stl-500-battery-operated-plastic-strapping-tool (last visited Jan. 29, 2024).



31.    A STL-500 product manual is accessible via Samuel's mobile application. In the product manual, Samuel represents that the STL-500 practices U.S. Patent No. 11,174,051 ("the '051 Patent"). On information and belief, the STL-500 product manual and the '051 Patent show the components of and describe the operation of the STL-500.

32.    Samuel recently began offering the STL-500 for sale in the United States:



Samuel STL-500, *available at* https://samuelpackagingstore.com/products/stl-500-battery-operated-plastic-strapping-tool (last visited Jan. 29, 2024).

33. On information and belief, Samuel actively monitors Signode's patent portfolio and product offerings. For example, Samuel cited to the following Signode patents or patent applications during prosecution of the '051 Patent: GB405753A, US3669799A, US4161910A, US2011/0056390A1, US2011/0056392A1, WO2014/072775A1, US2016/0046398A1, US9315283B2, US2016/0159505A1, US2017/0008652A1, US958670B2, US2017/0166335A1, and US2017/0174374A1. Furthermore, Samuel disclosed certain references related to Signode's BXT2-series products and Orgapack ORT 250 and 400 products during the prosecution '051 Patent. Finally, Samuel has purchased Signode battery plastic strapping tools. Given this, on information and belief, Samuel was aware of the Asserted Patents before the filing of this Complaint. Alternatively, Samuel was at least willfully blind to the existence of the Asserted Patents prior to the filing of the Complaint.

34.     Furthermore, there are only a limited number of companies that provide high-end battery plastic strapping tools. Upon information and belief, Samuel was aware of, or at least willfully blind to, the existence of the Asserted Patents given the small size of the market, Signode's significantly larger market share, and Signode's history of being an innovator in the high-end battery plastic strapping tool market.

**COUNT I**
**INFRINGEMENT OF THE '417 PATENT**

35.     Signode incorporates by reference the allegations in Paragraphs 1 through 34 above.

36.     Samuel has infringed and will continue to infringe at least claim 1 of the '417 Patent by making, having made, using, importing, supplying, distributing, selling, and/or offering for sale the STL-500.

37.     Specifically, as illustrated below, the STL-500 is a strapping device that includes a base comprising a tensioning plate.



38.   The STL-500 strapping device further includes a rocker pivotable about a rocker-pivot axis from a first rocker position to a second rocker position.






39.   The STL-500 strapping device further includes a tensioning wheel rotatable about a tensioning-wheel axis and pivotable with the rocker such that movement of the rocker from the first rocker position to the second rocker position moves the tensioning wheel away from the tensioning plate and movement of the rocker from the second rocker position to the first rocker position moves the tensioning wheel toward the tensioning plate.







40.    The STL-500 strapping device further includes a sealing device.



41.    The STL-500 strapping device further includes a spring imparting a spring force to the rocker that biases the rocker to the first rocker position.



42.    The STL-500 strapping device further includes an input device movable from a release position to an activated position to activate a motor operably connected to the rocker to

pivot the rocker from the first rocker position to the second rocker position, wherein the spring

forces the rocker from the second rocker position toward the first rocker position responsive to the

input device being released from the activated position.





43.     In view of the foregoing, STL-500 has directly infringed the '417 Patent in violation of 35 U.S.C. § 271(a).

44.     Moreover, Samuel's infringement of the '417 Patent is willful, at least as of the filing of this Complaint. Prior to the filing of this Complaint, Samuel was, at a minimum, willfully blind to the existence of the '417 Patent and its infringement thereof. However, no later than the filing and service of this Complaint, Samuel has had knowledge of the '417 Patent and the infringing nature of the STL-500 and components thereof. Despite this, Samuel continues to infringe the '417 Patent.

45.     Samuel's continued infringement of the '417 Patent will cause Signode to suffer substantial and irreparable harm for which there is no adequate remedy at law.

**COUNT II**
**INFRINGEMENT OF THE '418 PATENT**

46.     Signode incorporates by reference the allegations in Paragraphs 1 through 45 above.

47.     Samuel has infringed and will continue to infringe at least claim 1 of the '418 Patent by making, having made, using, importing, supplying, distributing, selling, and/or offering for sale the STL-500.

48.     Specifically, as illustrated below, the STL-500 is a strapping device that includes a base plate and a tensioning plate on the base plate.



49.     The STL-500 strapping device further includes a rocker pivotable about a rocker axis from a first rocker position to a second rocker position.



 

50.    The STL-500 strapping device further includes a tensioning wheel pivotable with the rocker such that movement of the rocker from the first rocker position to the second rocker position moves the tensioning wheel away from the tensioning plate and movement of the rocker from the second rocker position to the first rocker position moves the tensioning wheel toward the tensioning plate, wherein the tensioning wheel is rotatable about a tensioning-wheel axis in a tensioning direction and in a reverse direction opposite the tensioning direction.






51.     The STL-500 strapping device further includes a blocking element indirectly connected to the tensioning wheel and rotatable about a blocking-element axis in a first rotational direction; a shaft having a shaft axis; a lever movable between a first lever position and a second lever position, wherein when the lever is in the first lever position, the blocking element is prevented from rotating in the first rotational direction such that, after the tensioning wheel tensions strap around an object, the blocking element prevents the tensioning wheel from rotating in the reverse direction, wherein when the lever is in the second lever position, the blocking element is rotatable in the first rotational direction to enable the tensioning wheel to rotate in the reverse direction; and a rotatable element rotatable about the shaft axis and configured to force the lever to move from the first lever position to the second lever position as the rotatable element rotates about the shaft axis.





52.     In view of the foregoing, STL-500 has directly infringed the '418 Patent in violation of 35 U.S.C. § 271(a).

53.     Moreover, Samuel's infringement of the '418 Patent is willful, at least as of the filing of this Complaint. Prior to the filing of this Complaint, Samuel was, at a minimum, willfully blind to the existence of the '418 Patent and its infringement thereof. However, no later than the filing and service of this Complaint, Samuel has had knowledge of the '418 Patent and the infringing nature of the STL-500 and components thereof. Despite this, Samuel continues to infringe the '418 Patent.

54.     Samuel's continued infringement of the '418 Patent will cause Signode to suffer substantial and irreparable harm for which there is no adequate remedy at law.

**COUNT III**
**INFRINGEMENT OF THE '430 PATENT**

55.     Signode incorporates by reference the allegations in Paragraphs 1 through 54 above.

56.     Samuel has infringed and will continue to infringe at least claim 1 of the '430 Patent by making, having made, using, importing, supplying, distributing, selling, and/or offering for sale the STL-500.

57.     Specifically, as illustrated below, the STL-500 is a strapping device that includes a base comprising a tensioning plate.



58.     The STL-500 strapping device further includes a rocker pivotable between a first rocker position and a second rocker position.



 

59.     The STL-500 strapping device further includes a rotatable tensioning wheel that is pivotable with the rocker such that movement of the rocker from the first rocker position to the second rocker position moves the tensioning wheel away from the tensioning plate and movement of the rocker from the second rocker position to the first rocker position moves the tensioning wheel toward the tensioning plate.





60.    The STL-500 further includes a friction-welding device movable between a release

position and a welding position.

Friction-welding Device in  Released Position          Friction-welding Device in  Welding Position



61.     The STL-500 further includes a motor comprising a drive shaft rotatable in a first rotational direction to cause the rocker to pivot from the first rocker position to the second rocker position and in a second rotational direction opposite the first rotational direction to cause the friction welding device to move from the release position to the welding position.





62.    The STL-500 further includes a transmission mechanism operably connecting the drive shaft of the motor to the friction-welding device such that rotation of the drive shaft in the second rotational direction actuates the transmission mechanism to move the friction-welding device from the release position to the welding position.



63.    In view of the foregoing, STL-500 has directly infringed the '430 Patent in violation of 35 U.S.C. § 271(a).

64.     Moreover, Samuel's infringement of the '430 Patent is willful, at least as of the filing of this Complaint. Prior to the filing of this Complaint, Samuel was, at a minimum, willfully blind to the existence of the '430 Patent and its infringement thereof. However, no later than the filing and service of this Complaint, Samuel has had knowledge of the '430 Patent and the infringing nature of the STL-500 and components thereof. Despite this, Samuel continues to infringe the '430 Patent.

65.     Samuel's continued infringement of the '430 Patent will cause Signode to suffer substantial and irreparable harm for which there is no adequate remedy at law.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Signode demands a trial by jury on all issues triable by jury.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Signode respectfully requests that:

A.     The Court find that Samuel has infringed and is infringing the Asserted Patents;

B.     The Court issue an order pursuant to 35 U.S.C. § 283 permanently enjoining Samuel and anyone acting or participating by, through, or in concert with Samuel from infringing the Asserted Patents;

C.     The Court find that Samuel's infringement of the Asserted Patents was willful and that Samuel's continued infringement of the Asserted Patents is willful;

D.     The Court award damages adequate to compensate Signode for Samuel's patent infringement, and an accounting to adequately compensate Signode for the infringement, including, but not limited to, lost profits and/or a reasonable royalty, including an award of enhanced damages if warranted;

E.      The Court declare that this is an exceptional case entitling Signode to its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes and rules;

F.      The Court award pre-and post-judgment interest at the maximum rate allowed by law; and

G.      The Court award such other relief as the Court may deem just and proper.

Dated: May 15, 2024                         Respectfully submitted

                                            /s/ *Devon Beane by permission Andrea L. Fair*
                                            Devon Beane (Lead Counsel) (admitted *pro hac vice*)
                                            Jason Engel (admitted *pro hac vice*)
                                            Nathan Fuller (admitted *pro hac vice*)
                                            Jared Lund (admitted *pro hac vice*)
                                            70 W. Madison Street, Suite 3300
                                            Chicago, IL 60602
                                            Tel.: (312) 372-1121
                                            devon.beane@klgates.com
                                            jason.engel@klgates.com
                                            nathan.fuller@klgates.com
                                            jared.lund@klgates.com

                                            Erik Halverson (admitted to practice in the district)
                                            **K&L GATES LLP**
                                            4 Embarcadero Center, Suite 1200
                                            San Francisco, California 94111
                                            Tel.: (415) 882-8238
                                            erik.halverson@klgates.com

                                            Caroline M. Vermillion (admitted *pro hac vice*)
                                            **K&L GATES LLP**
                                            599 Lexington Avenue
                                            New York, NY 10022
                                            Tel: (212) 536-3987
                                            caroline.vermillion@klgates.com

Andrea Fair
Texas Bar No. 24032294
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
Fax (903) 757-2323
andrea@wsfirm.com

*Attorneys for Plaintiff Signode Industrial
Group LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on May 15, 2024.

/s/ *Andrea L. Fair*
Andrea L. Fair