# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SIGNODE INDUSTRIAL GROUP LLC, | |
| Plaintiff, | |
| v. | Case No. 2:24-CV-00080-JRG |
| SAMUEL, SON & CO., LTD., ET AL. | |
| Defendants. | |

**PLAINTIFF SIGNODE INDUSTRIAL GROUP LLC'S SUR-REPLY TO SAMUEL'S PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

## **TABLE OF CONTENTS**

I. SAMUEL'S REPLY FAILS TO ADDRESS THE TOTALITY OF SIGNODE'S ALLEGATIONS ................................................................................................................ 1

II. THE FACTS OF THIS CASE ARE AKIN TO *KIRSCH* ....................................................... 2

III. SIGNODE IS NOT REQUIRED TO PLEAD ACTUAL KNOWLEDGE............................ 3

IV. CONCLUSION ................................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Kirsch Rsch. & Dev. LLC v. Atlas Roofing Corp.*,
   No. 5:20-cv-00055-RWS, 2020 WL 8363154 (E.D. Tex. Sept. 29, 2020)..........................1, 2, 3

*Pacing Tech., LLC v. Garmin Int'l Inc.*,
   No. 12-CV-1067, 2013 WL 444642 (C.D. Cal. Feb. 5, 2013) ...................................................3

*Soverain IP, LLC v. Microsoft Corp.*,
   No. 2:17-CV-00204-RWS-RSP, 2018 WL 1465792 (E.D. Tex. Mar. 26, 2018)..................3, 4

*Walker v. Beaumont Indep. Sch. Dist.*,
   938 F.3d 724 (5th Cir. 2019) ....................................................................................................2

**Rules**

Fed. R. Evid. 201 ............................................................................................................................2

Signode provides a series of allegations that, when taken together, properly allege pre-suit willfulness. *See Kirsch Rsch. & Dev. LLC v. Atlas Roofing Corp.*, No. 5:20-cv-00055-RWS, 2020 WL 8363154, at *4 (E.D. Tex. Sept. 29, 2020) ("[T]he Court must take all of [the plaintiff's] factual allegations together, assume they are true and view them in the light most favorable to [the plaintiff]."). Samuel's Reply fails to disturb this conclusion. First, Samuel quibbles with individual IDS citations while ignoring that these citations support the totality of allegations directed to willful infringement. Second, the allegations of this case are akin to those in *Kirsch* where the Court denied a defendant's similar motion. Third, Samuel ignores this Court's pleading requirements and instead attempts to distinguish the legal standard based on the facts. For at least these reasons, Samuel's Motion (ECF No. 22) should be denied.

**I.     SAMUEL'S REPLY FAILS TO ADDRESS THE TOTALITY OF SIGNODE'S ALLEGATIONS**

Rather than address the entirety of Signode's allegations, Samuel's Reply—like its Motion—focuses "too much on why individual allegations are not enough and quibbles with the facts." *Kirsch*, 2020 WL 8363154, at *4. Namely, Samuel isolates its prosecution activity to conclude that each citation "is not enough to show plausible knowledge of the Asserted Patents." *See* ECF No. 36 at 2 (citing *Diamond Grading Techs. Inc. v. Am. Gem Soc'y*, No. 2:14-CV-1161-RWS-RSP, 2016 WL 3902482, at *2 (E.D. Tex. Mar. 30, 2016)). At no point does Signode allege that one-off, single IDS citations establish pre-suit knowledge of the Asserted Patents (even though they may well do so).

Signode alleges that it is plausible that Samuel learned of the Asserted Patents before Signode filed suit because "Samuel actively monitors Signode's patent portfolio and product offerings." ECF No. 20 at ¶ 33. This allegation of active monitoring is supported by Samuel's **numerous and consistent citations** to Signode's patents, patent applications, and products during

1

prosecution of Samuel's own patent applications. As such, Signode provided several example citations in its First Amended Complaint—which Samuel does not contest.

Samuel states that it does not refute "self-evident facts of what references were cited in which IDSes and when, as will be reflected in Samuel's answer to the FAC." *See* ECF No. 36 at 1, n.1. Samuel's citations to the Asserted Patents and their family members during prosecution of U.S. Patent Application 17/514,142 ("the '142 Application") fall directly within these "self-evident facts" that Samuel does not contest. *See* ECF No. 36 at 1, n.1. This supports Signode's requests that the Court take judicial notice of these IDS submissions pursuant to Federal Rule of Evidence 201. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

Further, Samuel ignores Signode's distinction between the filing of the suit and service. Samuel cited the '417 and '418 Patents immediately after the suit was filed, but **before** it was served. This undercuts Samuel's arguments that Samuel was not aware of the Asserted Patents and further demonstrates the plausibility of Signode's allegations. In other words, Samuel's immediate citations to the '417 and '418 Patents plausibly show, along with Signode's additional allegations, that Samuel monitors Signode's portfolio and learned of the Asserted Patents pre-suit. *See, e.g.*, Section II (discussing additional allegations to support pre-suit knowledge).

## II.   THE FACTS OF THIS CASE ARE AKIN TO *KIRSCH*

Contrary to Samuel's arguments in reply, Signode illustrates how its allegations are analogous to those in *Kirsch*, 2020 WL 8363154. *See* ECF No. 33 at 5–6. The plaintiff in *Kirsch* alleged: (1) the relevant market was small; (2) the plaintiff was a pioneer in the market; and (3) the parties were direct competitors. ECF No. 33 at 5 (citing *Kirsch*, 2020 WL 8363154, *2, 4). Signode also alleges each of these facts in the First Amended Complaint. ECF No. 20 at ¶¶ 22, 23, 33, 34.

Moreover, Signode provided *Kirsch* in response to Samuel's citation of *Pacing Tech., LLC v. Garmin Int'l Inc.*—a non-binding, non-precedential case from California. No. 12-cv-1067, 2013 WL 444642, at *2 (S.D. Cal. Feb. 5, 2013). A brief review of *Pacing Tech.* demonstrates that the facts of this case are closer to *Kirsch*. In *Pacing Tech.*, the plaintiff's allegations regarding market competition were the ***only*** allegations regarding pre-suit knowledge. 2013 WL 444642, at *2. Continuing with its flawed focus on individual allegations, Samuel's Reply again cites *Pacing Tech.*, stating that "merely competing in the marketplace is not enough for pre-suit knowledge of specific patents." *See* ECF No. 36 at 3–4.

Signode's allegations go far beyond that the parties "merely compet[e] in the marketplace." ECF No. 36 at 3–4 (citing *Pacing Tech.*, 2013 WL 444642, at *5–7). In addition to alleging that the parties compete in the same marketplace, Signode alleges: (1) the relevant market is small; (2) Signode has a significantly larger market share than Samuel; (3) Signode has a history of being an innovator in the market; (4) Samuel has purchased Signode's products; and (5) Samuel actively monitors Signode's patents and products—as evidence by Samuel's citations to the Asserted Patents and their family members. ECF No. 20 at ¶¶ 33-34. Based on these allegations, it is plausible that Samuel gained pre-suit knowledge of the Asserted Patents. Thus, Signode properly alleges pre-suit willfulness.

### III. SIGNODE IS NOT REQUIRED TO PLEAD ACTUAL KNOWLEDGE

Signode is not required to plead "[a]ctual knowledge of infringement or the infringement risk … to plead a claim for willful infringement." *Soverain IP, LLC v. Microsoft Corp.*, No. 2:17-CV-00204-RWS-RSP, 2018 WL 1465792, at *2 (E.D. Tex. Mar. 26, 2018) (quoting *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS-RSP, 2016 WL 3878246, at *1 (E.D. Tex. Mar. 30, 2016)). Notably, Signode quotes this material from the Court's "Applicable Law" section in *Soverain*. 2018 WL 1465792, at *1–2. Rather than address this legal

3

standard, Samuel devolves into licensing rights to distinguish the facts of this case with those of *Soverain*. *See* ECF No. 36 at 4. However, this legal standard is independent of the facts. And, similar to *Soverain*, a motion to dismiss willful infringement is at issue. 2018 WL 1465792, at *1. Thus, like the plaintiff in *Soverain*, Signode is not required to plead "[a]ctual knowledge of infringement or the infringement risk … to plead a claim for willful infringement." *Id*. at *2.

## IV.   CONCLUSION

For the reasons detailed above, the Court should deny Samuel's Motion.

Date: July 8, 2024                                    Respectfully submitted,

<div style="margin-left: 3em;">

<u>/s/ Devon C. Beane by permission Andrea Fair</u>
  Devon C. Beane (Lead Counsel)
  (admitted *pro hac vice*)
  Jason Engel (admitted *pro hac vice*)
  Nathan Fuller (admitted *pro hac vice*)
  Jared Lund (admitted *pro hac vice*)
  **K&L GATES LLP**
  70 W. Madison Street, Suite 3300
  Chicago, IL 60602
  Tel.: (312) 372-1121
  devon.beane@klgates.com
  jason.engel@klgates.com
  nathan.fuller@klgates.com
  jared.lund@klgates.com

Erik Halverson (admitted to practice in this district)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, California 94111
Tel.: (415) 882-8238
erik.halverson@klgates.com

Caroline M. Vermillion (admitted *pro hac vice*)
**K&L GATES LLP**
599 Lexington Avenue
New York, NY 10022
Tel: (212) 536-3987
caroline.vermillion@klgates.com

Andrea Fair
Texas Bar No. 24032294
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
andrea@wsfirm.com

*Attorneys for Plaintiff Signode Industrial Group LLC*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on this eleventh day of July 9, 2024.

<div style="text-align:right">

*/s/ Devon C. Beane by permission*
*Andrea Fair*
Devon C. Beane

</div>