IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SIGNODE INDUSTRIAL GROUP LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SAMUEL, SON & CO., LTD. et al, § <br> § <br> *Defendants*. § | § <br> § <br> § <br> § <br> § <br> CIVIL ACTION NO. 2:24-CV-00080-JRG <br> § <br> § <br> § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Samuel, Son & Co., Ltd.'s and Samuel, Son & Co. (USA) Inc.'s (collectively, "Defendants" or "Samuel") Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Motion"). (Dkt. No. 22.) In the Motion, Defendants request "an order dismissing the pre-suit willfulness allegations in Plaintiff's First Amended Complaint." (*Id*. at 1.) For the following reasons, the Court finds that the Motion should be **GRANTED**.

**I. BACKGROUND**

On February 6, 2024, Plaintiff Signode Industrial Group LLC ("Plaintiff" or "Signode") filed its Complaint for Patent Infringement ("Complaint"). (Dkt. No. 1.) In the Complaint, Plaintiff accused Defendants' "STL-500" product of directly infringing U.S. Patent Nos. 11,667,417 (the "'417 Patent") and 11,667,418 (the "'418 Patent"). (*Id*. ¶¶ 33–52.) The '417 and '418 Patents both issued on June 6, 2023. (Dkt. No. 1-1 at ref. (45); Dkt. No. 1-2 at ref. (45).)

Plaintiff further accused Defendants of willfully infringing the '417 and '418 Patents. (Dkt. No. 1 ¶¶ 42, 51.) To support these allegations, Plaintiff pled the following:

> On information and belief, Samuel actively monitors Signode's patent portfolio and product offerings. For example, Samuel cited to the following Signode patents or patent applications during prosecution of [Samuel's U.S. Patent

No. 11,174,051 (the "'051 Patent")]: GB405753A, US3669799A, US4161910A, US2011/0056390A1, US2011/0056392A1, WO2014/072775A1, US2016/0046398A1, US9315283B2, US2016/0159505A1, US2017/0008652A1, US958670B2, US2017/0166335A1, and US2017/0174374A1. Furthermore, Samuel disclosed certain references related to Signode's BXT2-series products and Orgapack ORT 250 and 400 products during the prosecution '051 Patent. Finally, Samuel has purchased Signode battery plastic strapping tools. Given this, on information and belief, Samuel was aware of the Asserted Patents before the filing of this Complaint. Alternatively, Samuel was at least willfully blind to the existence of the Asserted Patents prior to the filing of the Complaint.

Furthermore, there are only a limited number of companies that provide high-end battery plastic strapping tools. Upon information and belief, Samuel was aware of, or at least willfully blind to, the existence of the Asserted Patents given the small size of the market, Signode's significantly larger market share, and Signode's history of being an innovator in the high-end battery plastic strapping tool market.

(*Id.* ¶¶ 31–32.) In its Prayer for Relief, Plaintiff also requested the "Court find that Samuel's infringement of the Asserted Patents was willful and that Samuel's continued infringement of the Asserted Patents is willful." (*Id.* at 19.)

Several months later, on May 15, 2024, Plaintiff filed the First Amended Complaint for Patent Infringement ("FAC"). (Dkt. No. 20.) Most notably, the FAC accuses Defendants' STL-500 product of also directly infringing U.S. Patent No. 11,932,430 (the "'430 Patent" and with the '417 and '418 Patents, the "Asserted Patents"). (*Id.* ¶¶ 55–65.) The '430 Patent issued on March 19, 2024. (Dkt. No. 20-3 at ref. (45).)

As with the '417 and '418 Patents, Plaintiff also accuses Defendants of willfully infringing the '430 Patent. (Dkt. No. 20 ¶ 64.) However, Plaintiff alleges the same facts to support its willful infringement allegations in the FAC as in the Complaint. (*Compare* Dkt. No. 1 ¶¶ 31–32 *with* Dkt. No. 20 ¶¶ 33–34.)

On June 10, 2024, Defendants filed the Motion, requesting that the Court dismiss the FAC's pre-suit willful infringement accusations. (Dkt. No. 22.) Plaintiff filed Plaintiff Signode Industrial Group LLC's Opposition to Samuel's Partial Motion to Dismiss Pursuant to Rule

12(b)(6) ("Opposition"), arguing that the FAC's allegations satisfy the pleading standard. (Dkt. No. 33.) In response, Defendants filed Defendants Samuel, Son & Co., Ltd.'s and Samuel, Son & Co. (USA) Inc.'s Reply in Support of Its Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 36, "Reply"), and Plaintiff further filed Plaintiff Signode Industrial Group LLC's Sur-Reply to Samuel's Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 37, "Sur-Reply").

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. FED. R. CIV. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff but is not required to accept the plaintiff's legal conclusions as true. *Id*.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v.*

3

*Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### B. Pre-Suit Willful Infringement

To sufficiently plead pre-suit willful infringement, a plaintiff must plausibly allege that the defendant knew of an asserted patent before the plaintiff filed the lawsuit. *See Touchstream Techs., Inc. v. Altice USA*, No. 2:23-cv-00060-JRG, 2024 WL 1117930, at *2–3 (E.D. Tex. Mar. 14, 2024).

## III. DISCUSSION

### A. Plaintiff Fails to Adequately Plead Actual Knowledge of the Asserted Patents

In the Motion, Defendants argue that Plaintiff fails to plead actual knowledge of the Asserted Patents. (Dkt. No. 22 at 6–9.) While the FAC references several patents and patent application publications cited by Defendants during patent prosecution, the FAC does not allege that Defendants cited any of the *Asserted Patents* during patent prosecution. (*Id*. at 6.) According to Defendants, citations to Plaintiff's unrelated patents and patent application publications during prosecution of the '051 Patent shows at most "only that Samuel knew of some unrelated Signode patents and product offerings in a significantly earlier time period." (*Id*. at 7.) Defendants further argue that Plaintiff fails to allege that its own products cited during prosecution of the '051 Patent "practice any of the Patents-in-Suit or have any relation to them." (*Id*.) Without alleging that these products practice the Asserted Patents, there is no plausible connection between the Asserted Patents and products that leads to an inference that Defendants had pre-suit knowledge of the Asserted Patents. (*Id*. at 7–8.) Finally, Defendants argue that Plaintiff "having a larger market share in a small market and even being an innovator in the high-end battery plastic strapping tool market fails to plausibly support knowledge of the Patents-in-Suit." (*Id*. at 8.)

4

In the Opposition, Plaintiff argues that "[i]t is plausible that by actively monitoring [Plaintiff's] patent portfolio and product offerings, [Defendants] would have gained knowledge of the Asserted Patents before [Plaintiff] filed this suit, especially given [Defendants'] voluminous and consistent citations to [Plaintiff's] patents, patent applications, and products during prosecution of its own patents." (Dkt. No. 33 at 3.) Plaintiff further argues that Defendants improperly focus on patents and patent application publications cited during prosecution of the '051 Patent while ignoring that Defendants have "cited the Asserted Patents and their family members during prosecution of [Defendants'] patent applications." (*Id*.) Indeed, Plaintiff's "continued investigation into [Defendants'] patent submissions with the USPTO" revealed that Defendants cited during prosecution of their own patents (1) several patents related to the '417 and '418 Patents, and (2) the '417 and '418 Patents themselves after Plaintiff filed this lawsuit. (*Id*. at 3–4.) Finally, Plaintiff argues that the totality of the alleged circumstances of the high-end battery plastic strapping tool market "support the plausible inference [Defendants were] aware of the Asserted Patents before this case was filed and served." (*Id*. at 5–6.)

In the Reply, Defendants argue that Plaintiff fails to cite "authority establishing that citing a few unrelated patents (out of many hundreds of such patents Signode claims to have ([Dkt. No. 22], ¶¶ 23, 27)) gives rise to a plausible inference that [Defendants] actively monitor's [sic] [Plaintiff's] patent portfolio to learn of the Asserted Patents." (Dkt. No. 36 at 1.) Additionally, Defendants argue that the Court should disregard Plaintiff's citations to patent prosecution documents outside of the pleadings to support its Opposition. (*Id*. at 1–2.) Even if such documents are considered, Defendants argue that Plaintiff fails to allege pre-suit willful infringement because citing related patents "is not enough to show plausible knowledge of the Asserted Patents," and the prosecution document that directly cites the '417 and '418 Patents was "filed ***after*** [Plaintiff]

5

filed this lawsuit." (*Id*. at 2–3.) Defendants also argue that even considering Plaintiff's allegations as a whole, they cannot support pre-suit willful infringement because they fail to provide sufficient factual support. (*Id*. at 3–4.)

In the Sur-Reply, Plaintiff argues that Defendants improperly attack individual allegations rather than address the allegations as a whole. (Dkt. No. 37 at 1.) Plaintiff argues that it does not simply rely upon a single document Defendants submitted during patent prosecution; rather, its "allegation of active monitoring is supported by [Defendants'] numerous and consistent citations to [Plaintiff's] patents, patent applications, and products during prosecution of [Defendants'] own patent applications." (*Id*. at 1–2.) Plaintiff also argues that Defendants' "immediate citations to the '417 and '418 Patents [during patent prosecution] plausibly show, along with [Plaintiff's] additional allegations, that [Defendants] monitor[] [Plaintiff's] portfolio and learned of the Asserted Patents pre-suit." (*Id*. at 2.) Finally, Plaintiff reiterates its arguments regarding the high-end battery plastic strapping tool market. (*Id*. at 2–3.)

The Court is persuaded, under these specific facts, that the FAC fails to sufficiently plead pre-suit knowledge of the Asserted Patents. As an initial matter, it is undisputed that the FAC does not allege that the Asserted Patents were cited by Defendants during patent prosecution *before* the suit was filed. Therefore, Defendants' citations during prosecution of the '051 Patent to Plaintiff's unrelated patents and patent application publications cannot support knowledge of the Asserted Patents, as Plaintiff seems to concede.

Additionally, the Court declines to consider the patent prosecution documents outside of the pleadings. Plaintiff relies upon *Integrated Technological Systems, Inc. v. First Internet Bank of Indiana*, No. 2:16-CV-00417-JRG-RSP, 2017 WL 631195 (E.D. Tex. Jan. 30, 2017) for the proposition that these documents may be considered by the Court. That case is distinguishable.

There, the Court stated that it "consider[s] *the asserted patent and relevant prosecution history* as matters of public record appropriate for judicial notice." *Integrated Tech. Sys.*, 2017 WL 631195, at *2 (emphasis added). Here, Plaintiff is not asking the Court to take judicial notice of the file histories of the Asserted Patents—instead, it is requesting the Court to take judicial notice of patent prosecution documents from patents unrelated to any of the FAC's claims or allegations. These documents provide a separate factual basis upon which Plaintiff attempts to establish pre-suit willful infringement. For the Court to properly consider such facts, they must be in the complaint, which they are not. The Court therefore declines Plaintiff's request.[1]

Ultimately, Plaintiff's allegations do not, even in their totality, support a plausible inference of pre-suit knowledge. Plaintiff relies heavily upon *Kirsch Research and Development, LLC v. Atlas Roofing Corporation*, but there, the plaintiff made a logical connection between the Asserted Patents and actions taken by the defendant. No. 5:20-CV-00055-RWS, 2020 WL 8363154, at *4 (E.D. Tex. Sept. 29, 2020) (finding that plaintiff adequately pled knowledge where defendant "interacted with" literature associated with a product marked with the relevant patent number). Here, such a logical connection is missing. As discussed above, Plaintiff fails to plead that the cited patents and patent application publications are even related to the Asserted Patents. Plaintiff does not allege that the products Defendants allegedly *disclosed* during patent prosecution were marked with, or otherwise relevant to, the Asserted Patents. Nor does Plaintiff allege that the "battery plastic strapping tools" allegedly *purchased* by Defendants were marked with, or otherwise relevant to, the Asserted Patents. Finally, Plaintiff's allegations that the market for such

---

[1] Even if the Court considers these patent prosecution documents, they do not help Plaintiff. At most, these documents show that Defendants had pre-suit knowledge of patents and patent application publications related to the Asserted Patents, but they do not plausibly show that Defendants had knowledge of the Asserted Patents. *See Touchstream*, 2024 WL 1117930, at *2 (finding that knowledge of a patent application in the same patent family as the asserted patents "cannot support knowledge of the Asserted Patents"). Additionally, the Court rejects Plaintiff's argument that Defendants' post-suit citation to the '417 and '418 Patents somehow imputes pre-suit knowledge of any of the Asserted Patents, or somehow supports an argument that Defendants had pre-suit knowledge of the Asserted Patents.

products is small cannot cure its pleading deficiencies, even when considering its other allegations. Plaintiff's allegations fail to logically connect its allegations to the Asserted Patents, and therefore, under these specific facts, Plaintiff fails to "nudge[] [its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### B. Plaintiff Fails to Adequately Plead Willful Blindness to the Asserted Patents

In the Motion, Defendants also argue that Plaintiff fails to plausibly plead willful blindness to the Asserted Patents. (Dkt. No. 22 at 10–12.) Defendants argue that the FAC does not plausibly suggest that Defendants deliberately avoided learning of the Asserted Patents, or that Defendants were reckless or negligent in avoiding knowledge of the Asserted Patents. (*Id*. at 11.) Defendants further argue that Plaintiff does not allege that any of the patents, patent application publications, or products that Defendants allegedly knew of relate to the Asserted Patents. (*Id*.) Finally, Defendants argue that the FAC does not allege that Defendants "had any policy of willful blindness or that [they] engaged in any specific acts of willfully blind conduct." (*Id*. at 11–12.)

In the Opposition, Plaintiff argues that its "allegations plausibly demonstrate [Defendants] maintained awareness of [Plaintiff's] products and patent applications." (Dkt. No. 33 at 7–8.) Such awareness makes it plausible that Defendants were "subjectively aware there was a high probability that its battery-operated plastic strapping tools, specifically the accused STL-500, infringed the Asserted Patents." (*Id*. at 8.)

In the Reply, Defendants point out that Plaintiff fails to (1) cite authority to support its willful blindness allegation, and (2) attempt to distinguish cases cited by Defendants. (Dkt. No. 36 at 5.) Defendants further argue that the FAC "alleges no facts from which it can be plausibly inferred that [Defendants] took any deliberate action to avoid learning about the Asserted Patents or [their] alleged infringement thereof." (*Id*.)

8

Plaintiff does not expressly address willful blindness in its Sur-Reply,.

Under these specific facts, the FAC does not sufficiently plead pre-suit willful blindness of the Asserted Patents. To plead willful blindness, a plaintiff must plausibly plead that the defendant (1) subjectively believed that there is a high probability that a fact exists, and (2) took deliberate action to avoid learning of that fact. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 768 (2011). As Defendants correctly explain, the FAC fails to even allege that Defendants took deliberate actions to avoid learning of the Asserted Patents. The absence of such an allegation is dispositive.

## IV.   CONCLUSION

For the reasons stated above, the Motion is **GRANTED**. Accordingly, Plaintiff's claims of pre-suit willful infringement against Defendants are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave during the ensuing fourteen (14) days from this Order to amend its pre-suit willful infringement allegations through the filing of a subsequently amended complaint.[2]

**So ORDERED and SIGNED this 25th day of July, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[2] Due to the Court finding that the FAC fails to sufficiently plead pre-suit knowledge of, or willful blindness to, the Asserted Patents, it need not address the other issues raised by Defendants in the Motion.