# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SIGNODE INDUSTRIAL GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL, SON & CO., LTD., ET AL.,<br><br>Defendants. | Case No. 2:24-CV-00080-JRG |

**PLAINTIFF SIGNODE INDUSTRIAL GROUP LLC'S FIRST AMENDED
INITIAL AND ADDITIONAL DISCLOSURES**

Pursuant to Paragraphs 1 and 3 of the Court's Discovery Order and Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Signode Industrial Group LLC ("Plaintiff" or "Signode") hereby provides its first amended initial and additional disclosures (the "First Amended Initial and Additional Disclosures") to Defendants Samuel, Son & Co., Ltd.; Samuel, Son & Co. (USA) Inc. d/b/a Samuel Packaging Systems Group; and Samuel Strapping Systems (collectively, "Defendants").

These disclosures are based on information currently available to Plaintiff. Discovery is ongoing and Plaintiff has not completed its investigation, discovery, and evaluation of the facts and evidence that ultimately may be relevant to this case. Plaintiff, therefore, reserves the right to supplement, amend, modify, or correct these First Amended Initial and Additional Disclosures. Plaintiff further expressly reserves the right to identify or call as witnesses individuals in addition to those identified herein if it discovers that such individuals have or might have knowledge of matters relevant to this action.

1

Nothing herein should be construed as an admission or acceptance by Plaintiff that any document or fact referenced in these First Amended Initial and Additional Disclosures is admissible or relevant.  Plaintiff reserves all objections to the admissibility of any information disclosed, including, but not limited to, asserting work product, attorney-client privilege, privacy and confidentiality, lack of relevance, hearsay, or any other proper ground for exclusion of disclosed information or information from the disclosed sources.  Further, these First Amended Initial and Additional Disclosures are made without waiving, in any way, the right to object on any grounds, at any time, to any discovery request or proceeding involving or relating to the subject matter of these disclosures.  Plaintiff does not waive its right to assert any other objection authorized by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable law or rule in its responses to interrogatories, requests for admission, requests for production of documents, questions at depositions, or any other discovery requests involving or relating to the subject matter of these First Amended Initial and Additional Disclosures.

By making these First Amended Initial and Additional Disclosures, Plaintiff does not represent that every individual or entity identified herein necessarily possesses information that Plaintiff will use to support its claims and defenses, or that the identified individual or entity possesses relevant information.  Nor does Plaintiff represent that it is identifying every document, tangible thing, or witness that it may use to support its claims and defenses.

Plaintiff reserves the right to continue its investigation and discovery of facts, witnesses, and documents, which may reveal additional information about the issues in this lawsuit.  Plaintiff reserves the right, at the time of trial, to produce, refer to, and offer into evidence any additional documents, facts, evidence from any source, and testimony from any witness that may be ascertained through continuing discovery and trial preparation, notwithstanding the reference to

witnesses, documents, and information in these First Amended Initial and Additional Disclosures. All disclosures set forth herein are made subject to the above objections and qualifications.

In addition to the disclosures expressly set forth below, Plaintiff incorporates by reference the initial disclosures (including any supplementations) of all other parties in this action and reserves the right to use, rely upon, seek discovery from, or call as witnesses those individuals, entities, documents, and/or categories of documents as if they were expressly identified herein.

I.     **INITIAL DISCLOSURES**

    A.     **The Correct Names of the Parties to the Lawsuit**

Plaintiff's correct name is Signode Industrial Group LLC. On information and belief, Defendants' correct names are Samuel, Son & Co., Ltd.; Samuel, Son & Co. (USA) Inc. d/b/a Samuel Packaging Systems Group; and Samuel Strapping Systems.

    B.     **The Name, Address, and Telephone Number of Any Potential Parties**

At this time, Plaintiff is not aware of any potential parties that may be necessary to this litigation. Notwithstanding the foregoing, Plaintiff reserves the right to modify these First Amended Initial and Additional Disclosures to identify additional parties that may be necessary to this litigation should such additional parties be revealed through discovery or further investigation.

    C.     **The Legal Theories and Factual Bases of the Disclosing Party's Claims**

Plaintiff is the owner and assignee of U.S. Patent No. 11,667,417 ("the '417 Patent"); U.S. Patent No. 11,667,418 ("the '418 Patent"); and U.S. Patent No. 11,932,430 ("the '430 Patent") (collectively, the "Asserted Patents"). Each of the Defendants has infringed and continues to infringe certain claims of the Asserted Patents, including as identified in Plaintiff's Local Patent Rule 3-1 and 3-2 disclosures served on Defendants. Additionally, Defendants' infringement has been willful and deliberate at least as of the date of the filing of this action, if not earlier, as alleged

in the First Amended Complaint. Plaintiff's infringement positions are fully set forth in its infringement contentions served on May 15, 2024, which Plaintiff hereby incorporates by reference as if fully set forth herein.

As a result of Defendants' infringement of the Asserted Patents, Plaintiff has been and continues to be damaged. Plaintiff intends to seek damages to compensate for Defendants' infringement of the Asserted Patents, including, but not limited to, lost profits, a reasonable royalty, and/or a permanent injunction. Plaintiff also intends to seek costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285. Plaintiff's damages will be the subject of expert reports served at the time required by the Court's scheduling orders, under the Federal Rules of Civil Procedure, and any other applicable rules or orders. Plaintiff's damages will also be the subject to the jury's damages verdict at trial.

### D. The Name, Address, and Telephone Number of Persons Having Knowledge of Relevant Facts

After a reasonable inquiry, Plaintiff identifies the individuals listed below as likely to have discoverable information that Plaintiff may use to support its claims in this case or who may otherwise have knowledge of relevant facts (unless such use would be solely for impeachment purposes) based on information currently known to Plaintiff. Contact information is provided to the extent presently known by Plaintiff. Any Plaintiff employee listed in these disclosures, or in any supplement hereto, may only be contacted through Plaintiff's counsel of record.

| Name | Contact Information | Summary of Witness Knowledge |
|---|---|---|
| Ralph Kieffer | Switzerland<br><br>Through Plaintiff's Counsel, K&L Gates LLP | Plaintiff's sales and marketing related to battery-operated plastic strapping tools |

| | | |
|---|---|---|
| Flavio Finzo | Unknown | Named inventor on the '417 Patent and the '430 Patent |
| Mirco Neeser | Switzerland<br><br>Through Plaintiff's Counsel, K&L Gates LLP | Named inventor on the '417 Patent, the '418 Patent, and the '430 Patent |
| Dimitrios Takidis | Switzerland<br><br>Through Plaintiff's Counsel, K&L Gates LLP | Named inventor on the '417 Patent, the '418 Patent, and the '430 Patent |
| Andreas Keller | Switzerland<br><br>Through Plaintiff's Counsel, K&L Gates LLP | Named inventor on the '418 Patent |
| Michael Watts | Tampa, Florida<br><br>Through Plaintiff's Counsel, K&L Gates LLP | Plaintiff's business related to battery-operated plastic strapping tools |

In addition to the individuals identified above, Plaintiff notes that other persons not specifically known to Plaintiff may and/or do possess relevant information. The above list constitutes Plaintiff's good faith effort to identify individuals with substantial knowledge on whom it may rely to support its claims. Plaintiff anticipates that other individuals may also have discoverable information upon which it may rely and, thus, specifically reserves the right to identify additional individuals as discovery proceeds. Plaintiff further reserves the right to remove individuals from its list as its investigation continues and as discovery in this case proceeds.

Plaintiff further incorporates by reference and reserves the right to rely upon the testimony of any individual identified as a person on whom another party may rely in this case. Plaintiff incorporates by reference and reserves the right to rely upon the testimony of any individual or entity deposed in this case. Plaintiff takes no position as to whether any of the persons named

5

320207143.1

herein should be deposed and expressly reserves the right to object to the depositions or trial testimony of any such persons or entities identified in any original or supplemental First Amended Initial and Additional Disclosures. Plaintiff will further supplement these First Amended Initial and Additional Disclosures as required by Rule 26(e) of the Federal Rules of Civil Procedure.

### E.    Indemnity and Insuring Agreements

At this time, Plaintiff is not aware of any indemnity or insurance agreements under which any person or entity carrying on an insurance business may be liable to satisfy all or part of a judgment entered in this action, if applicable, or to indemnify or reimburse payments made to satisfy the judgment, if applicable.

### F.    Settlement Agreements Relevant to the Subject Matter of This Action

Signode will produce relevant settlement agreement(s) upon entry of a Protective Order in this case, subject to any applicable notice and approval provisions included in any such agreement.

### G.    Statement of Any Party to the Litigation

At this time, Plaintiff is not aware of any statements of any party to the litigation.

## II.    ADDITIONAL DISCLOSURES

### A.    Disclosures Required By The Patent Rules For The Eastern District Of Texas with Modifications Ordered by the Court

Plaintiff will comply with the Patent Rules for the Eastern District of Texas with any modifications ordered by the Court and make the disclosures required by the deadlines set forth in the Docket Control Order. In addition, on May 15, 2024, Plaintiff disclosed its infringement contentions pursuant to Patent Rule 3-1 of the Eastern District of Texas, which Plaintiff hereby incorporates by reference as if fully set forth herein.

320207143.1

> **B.      Produce Or Permit Inspection Of All Documents, Electronically Stored Information, And Tangible Things In The Possession, Custody, Or Control Of The Party That Are Relevant To The Pleaded Claims Or Defenses Involved In This Action, Except To The Extent These Disclosures Are Affected By The Limits Set Forth In The Patent Rules For The Eastern District Of Texas**

Plaintiff will engage in a rolling production of documents relevant to the claims or defenses in and proportional to the needs of the case upon the Court entering a Protective Order in this case. That production will be substantially complete by the deadline imposed by the Court in its Docket Control Order.

> **C.      Provide A Complete Computation Of Any Category Of Damages Claimed By Any Party To The Action, And Produce Or Permit The Inspection Of Documents Or Other Evidentiary Material On Which Such Computation Is Based, Including Materials Bearing On The Nature And Extent Of The Injuries Suffered, Except That The Disclosure Of The Computation Of Damages May Be Deferred Until The Time For Expert Disclosures If A Party Will Rely On A Damages Expert**

Pursuant to Paragraph 3(c) of the Discovery Order, Plaintiff defers its computation of damages until the time for Expert Disclosures and will rely on an expert witness on damages. Plaintiff anticipates that its expert witness on damages will analyze and compute the amount of damages Plaintiff has suffered as a consequence of Defendants' infringement based, in part, on the documents and information that Defendants and third parties produce in discovery. Plaintiff will timely serve its expert report(s) on damages in accordance with the Court's Docket Control Order(s).

More generally, Plaintiff contends that Defendants' infringement of the Asserted Patents has market effects that are not fully compensable in monetary damages. Without waiving or prejudicing Plaintiff's claim that it will never be fully compensated by way of monetary damages as a result of Defendants' infringing acts, Plaintiff intends to seek compensatory damages for the harm caused by Defendants' infringement of the Asserted Patents, including, but not limited to, lost profits in an amount to be proven at trial, and reflecting the extent to which Plaintiff could

have increased its market share, charged higher prices, and/or made additional sales of its own competing products or services but for Defendants' infringement.  At a minimum, Plaintiff will seek a reasonable royalty for Defendants' infringement of that Asserted Patents.  Plaintiff reserves the right to claim damages measured on a basis or bases other than, or in addition to, a reasonable royalty if the facts and evidence disclosed in discovery and/or proved at trial so warrant.

Plaintiff additionally intends to seek: (1) treble damages pursuant to 35 U.S.C. § 284; (2) a declaration that this case is "exceptional" pursuant to 35 U.S.C. § 285, entitling Plaintiff to an award of its reasonable attorneys' fees, expenses, and costs for this action; and (3) pre- and post-judgment interest at least at the prime interest rate prevailing at the time judgment is entered in this case.  Plaintiff will also seek an ongoing royalty for any continuing sales or use of the infringing products by Defendants to the extent further infringement is not enjoined.  Further, Plaintiff seeks any further relief that the Court may deem just and proper.

| | |
|---|---|
| Dated:  September 4, 2024 | Respectfully submitted,<br><br>/s/ *Devon C. Beane*<br>Devon C. Beane (admitted *phv*)<br>Jason A. Engel (admitted *phv*)<br>Nathan J. Fuller (admitted *phv*)<br>Jared R. Lund (admitted *phv*)<br>**K&L GATES LLP**<br>70 W. Madison Street, Suite 3300<br>Chicago, IL 60602<br>Tel:  +1 312 372 1121<br>Devon.Beane@klgates.com<br>Jason.Engel@klgates.com<br>Nathan.Fuller@klgates.com<br>Jared.Lund@klgates.com<br><br>Erik J. Halverson (admitted *phv*)<br>**K&L GATES LLP**<br>4 Embarcadero Center, Suite 1200<br>San Francisco, CA 94111<br>Tel:  +1 415 882 8238<br>Erik.Halverson@klgates.com<br><br>Caroline M. Vermillion (admitted *phv*)<br>**K&L GATES LLP**<br>599 Lexington Avenue<br>New York, NY 10022<br>Tel:  +1 212 536 3987<br>Caroline.Vermillion@klgates.com<br><br>*Of counsel:*<br><br>Andrea Fair<br>Texas Bar No. 24032294<br>**WARD, SMITH & HILL, PLLC**<br>1507 Bill Owens Pkwy<br>Longview, TX 75604<br>Tel:  +1 903 757 6400<br>Fax:  +1 903 757 2323<br>andrea@wsfirm.com<br><br>*Attorneys for Plaintiff Signode Industrial Group LLC* |

320207143.1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on September 4, 2024, via electronic mail to counsel of record for Defendants at the following addresses:

Michael R. Houston (IL Bar No. 6286431)
Pavan K. Agarwal (D.C. Bar No. 459614)
Tiffany K. Sung (CA Bar No. 323077)
Gabriella M. Salek (IL Bar No. 6342686)
**FOLEY & LARNDER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654
Telephone: (312) 832-4378
Facsimile: (312) 832-4700
mhouston@foley.com
pagarwal@foley.com
tsung@foley.com
gsalek@foley.com

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

/s/ *Devon C. Beane*
Devon C. Beane

320207143.1