# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SIGNODE INDUSTRIAL GROUP LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMUEL, SON & CO., LTD. and SAMUEL, SON & CO. (USA) INC. d/b/a SAMUEL PACKAGING SYSTEMS GROUP and SAMUEL STRAPPING SYSTEMS,<br><br>    Defendants. | Civil Action No. 2:24-cv-00080-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS SAMUEL, SON & CO., LTD.'S AND SAMUEL, SON & CO. (USA) INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1404(a)**

i

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| A. | Availability of Compulsory Process Strongly Favors Transfer. | 1 |
| B. | Witness Convenience and Cost of Attendance also Strongly Favor Transfer | 2 |
| C. | Sources of Proof Are More Accessible from N.D. Ill. | 4 |
| D. | N.D. Ill. Has a Strong Interest in This Lawsuit | 5 |
| E. | Time to Trial Does Not Tip the Balance | 5 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cellspin Soft, Inc. v. Nike, Inc.*,
 No. 2:22-CV-0455, 2023 WL 6280260 (E.D. Tex. Sept. 26, 2023) .......................................... 1

*Digit. Broad. Sols., LLC v. DISH Network LLC*,
 2:22-CV-00335-JRG, 2023 WL 11805298 (E.D. Tex. Jan. 19, 2023) ...................................... 4

*Dynapass IP Holdings LLC v. Amazon.com, Inc.*,
 No. 2:23-CV-00063, 2024 WL 1997110 (E.D. Tex. May 3, 2024) .......................................... 1

*In re Genentech, Inc.*,
 566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................. 3, 5

*GeoTag, Inc. v. Classified Ventures, LLC*,
 No. 2:11-CV-426, 2013 WL 12619056 (E.D. Tex. Jan. 14, 2013) ............................................ 3

*In re Hoffmann-La Roche Inc.*,
 587 F.3d 1333 (Fed. Cir. 2009) ................................................................................................. 5

*In re Juniper Networks, Inc.*,
 14 F.4th 1313 (Fed. Cir. 2021) .............................................................................................. 4, 5

*In re Netflix, Inc.*,
 No. 2022-110, 2022 WL 167470 (Fed. Cir. Jan. 19, 2022) ....................................................... 2

The facts of this case establish that N.D. Ill. is a significantly more convenient forum under §1404(a). Signode cannot deny that the lion's share of the relevant witnesses – 4 party and 9 non-party witnesses – reside in N.D. Ill., while no identified individuals reside in this District. Likewise, Samuel's and non-party DiMonte's sales, marketing, design, and other documents, along with physical samples, are located in N.D. Ill., while no physical evidence has been identified here.

All Signode points to is Samuel's regional business location in Longview and sales to only three customers in this District. Even if that establishes venue under §1400(b), Samuel's regional location does not sell, store, or distribute the Accused Product, has no relevant sales brochures or other physical evidence, and at most has access to a small subset of electronically-stored, duplicative sales data. Signode's apparent acquisition of a single product in this District for this litigation does not weigh against transfer, and it is not even alleged to still be here now. Lastly, Signode's cited time-to-trial statistics, skewed by N.D. Ill.'s response to the Covid pandemic, cannot and do not outweigh the remaining collective factors that strongly favor transfer.

A.     **Availability of Compulsory Process Strongly Favors Transfer.**

Samuel identified nine relevant nonparty witnesses covering a wide variety of topics and residing in N.D. Ill. Mot., 11. Signode seeks to negate this overwhelming evidence by arguing that these witnesses are irrelevant or cumulative, and/or have not been shown to be unwilling. Opp., 6-8. Untrue. First, *Signode* itself argues that non-party witnesses are *presumed unwilling* and considered under the compulsory process factor, citing the Federal Circuit's *HP* decision. Opp., 9. Recent decisions of this Court cite the same presumption and *HP* decision. *Dynapass IP Holdings LLC v. Amazon.com, Inc.*, No. 2:23-CV-00063, 2024 WL 1997110, at *3 (E.D. Tex. May 3, 2024); *Cellspin Soft, Inc. v. Nike, Inc.*, No. 2:22-CV-0455, 2023 WL 6280260, at *3 (E.D. Tex. Sept. 26, 2023). Moreover, Signode's prosecution counsel, Mr. Masia, and ex-employees, Messrs. Gardner,

Pearson, Nasiatka, and Haberstroh are plainly very unlikely to willingly assist Samuel at trial.

Second, the non-party witnesses cannot possibly be deemed cumulative or irrelevant. The two DiMonte witnesses are named inventors on Samuel patents covering the Accused Product, demonstrating their superlative knowledge regarding the device's design and operation. *See* Dkt. 20, ¶31 (citing U.S. Patent No. 11,174,051). Moreover, Signode has subpoenaed DiMonte for documents relating to product features, with 173 DiMonte documents already produced in this case. Salek Decl., ¶2. Regarding Mr. VonderHaar, he was the *former* Director in the Samuel Packaging Systems Group working to develop the Accused Product (Dkt. 42-1, ¶15), so he is not cumulative of Ms. Chapple who only took over this development upon her hiring at Samuel. Similarly, Mr. Collins' relevant knowledge is primarily related to product sales. Dkt. 49-1 at 7.

Samuel detailed the relevance of former Signode employees Messrs. Gardner and Pearson (Mot., 9) in its invalidity contentions, and has identified three other prior art inventors (Mot., 11) who can testify about earlier strapping tool development, including two ex-Signode, Messrs. Nasiatka and Haberstroh. Signode's outside patent prosecutor, Mr. Masia (Mot., 5), is relevant as detailed in Samuel's amended Answer describing Signode's suspect prosecution activities (Dkt. 47 at 34-35). Thus, Samuel has easily exceeded its burden to show witness relevance at this stage. *In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *3–4 (Fed. Cir. Jan. 19, 2022).

Signode's last grasp is citing sales (with one return) to three companies in this District. Opp., 8. Yet Signode's Amended Disclosures (filed with its Opposition) **<u>nowhere</u>** identify these companies (*see* Dkt. 46-8 at 4-5), gutting Signode's claim that they are "case-critical" (Opp., 1). And if individualized sales were relevant, then four customers (with two returns) exist in N.D. Ill. (*see* Dkt. 49-1 at 17-23), outweighing the number of customers/returns in this District.

**B.**     <u>**Witness Convenience and Cost of Attendance also Strongly Favor Transfer**</u>

Signode tries to marginalize all nine non-party witnesses under both the compulsory process and witness convenience factors by taking contradictory positions on the presumption of unwillingness. *Compare* Opp. 6-7 *with* 8-9. However, witness convenience still matters even if given little weight under the compulsory process factor. *In re Genentech, Inc*., 566 F.3d 1338, 1343-45 (Fed. Cir. 2009) (considering the same non-party witnesses under both the compulsory process factor and the witness convenience factor); *GeoTag, Inc. v. Classified Ventures, LLC*, No. 2:11-CV-426, 2013 WL 12619056, at *3-4 (E.D. Tex. Jan. 14, 2013) (same).

The convenience for the nine non-party witnesses residing in N.D. Ill. is paramount, but Samuel also identified four party witnesses residing in N.D. Ill. (two each from Samuel and Signode) (Mot. 10-11), and four Samuel witnesses residing in Ontario (*id*., 2-3, 11). The Canada-based witnesses are 60% closer to N.D. Ill. than this District (500 miles vs. 1285 miles), with 61% less travel time driving to N.D. Ill., or 64% less travel time and 60% less flight cost if flying. *Compare* Dkt. 41-38 *with* 41-39. Signode alleges without support that lodging and meals are "significantly less expensive" in this District than in Chicago. Opp., 9. Yet, a four-night stay in December 2024 (same week as trial in 2025) at Hampton Inn under a mile from the N.D. Ill. courthouse costs 12% less than Hampton Inn four miles from this Court. Salek Decl., ¶3.

Under this factor, Signode identifies no one residing in this District. Signode's newly updated disclosures add a single Signode witness from Tampa, Fl. Dkt. 46-8, at 5. Yet, Signode's own exhibits demonstrate that flying from Tampa to this District takes 71% longer and is 179% more expensive than flying to N.D. Ill. *Compare* Dkt. 46-4 *with* 46-5. Further, Signode's five witnesses residing in Switzerland can fly non-stop from Zurich to Chicago in less than 10 hours, while taking about 13 hours to Dallas and about 15 hours to Shreveport. Salek Decl., ¶4.

Thus, unlike in *Digit. Broad. Sols., LLC v. DISH Network LLC*, Case No. 2:22-CV-00335-

JRG, 2023 WL 11805298, at *5 (E.D. Tex. Jan. 19, 2023) (cited at Opp., 9), considering party-witness convenience does not simply shift the inconvenience from movant to nonmovant. For the vast majority of party witnesses identified by *both* parties, N.D. Ill. is much more convenient and weighs in favor of transfer. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021).

C.  **Sources of Proof Are More Accessible from N.D. Ill.**

In addition to no research, design, development or testing documents or prototypes being located in this District (Mot., 4), Samuel has also confirmed that no Accused Product brochures or manuals exist at its Longview facility. Second Chapple Decl., ¶2. And any minor regional sales information "located" in this District are just electronic documents easily accessed from N.D. Ill., and at best a minor subset of the overall Accused Product sales information possessed by Samuel, with paper documents located in N.D. Ill. and electronic documents on a server in Canada. *Id*., ¶3.

Signode misstates that Samuel's "paper documents … [that] reside … within the N.D. Ill." are the documents stored electronically on a server in Canada. Opp., 4. They are not. Samuel USA's physical documents, samples and prototypes of the Accused Product (and their custodians) are located in N.D. Ill., as are the physical documents of DiMonte Group whose employees helped design and develop the Accused Product. Dkt. 42-1, ¶¶6-7, 16, 21.

That Signode acquired one Accused Product in this District for litigation is irrelevant to the analysis, and Signode does not even say that this product is still located here. Similarly, Signode's declaration from Mr. Keller, while citing no products, persons or other activities in this District, proclaims that certain "battery-operated" strapping tools have been designed and made in Switzerland for the last 20 years. Dkt. 46-1. Yet the asserted claims are not limited to <u>battery-operated</u> tools, and Samuel has identified highly relevant prior art disclosing a pneumatically-operated tool listing all three inventors as residing in N.D. Ill. Mot., 9. Thus, Signode's carefully

4

crafted declaration fails to negate existence of relevant N.D. Ill.-located documentation relating to prior art disclosing products and associated technology that pre-dates the Asserted Patents.

**D.    N.D. Ill. Has a Strong Interest in This Lawsuit**

Signode cites only one Accused Product sale in arguing that the "alleged wrong" occurred in this District. Opp., 13. Yet Signode's amended complaint tells a different story, accusing Samuel of infringement by each of "making, having made, using, importing, supplying, distributing, selling, and/or offering for sale" the Accused Product. Dkt. 20, ¶¶36, 47, 56. While Samuel denies infringement altogether, **all** of these identified activities took place in N.D. Ill., far outweighing the sales to three customers in this District and a Longview office conducting unrelated business in terms of localized interest. *In re Hoffmann-La Roche Inc*., 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("[I]if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor."); *Juniper Networks*, 14 F.4th at 1320 (finding that the primary accused activities occurring in transferee district outweighed an office located in transferor district having no connection to the accused products).

**E.    Time to Trial Does Not Tip the Balance**

Signode's time-to-trial statistics capture a period during which N.D. Ill.'s docket was undeniably slowed by the pandemic (Salek Decl. ¶5), which is effectively now over. For the pre-pandemic period 2015-2020, the average was 37 months (*id.*) – not materially longer than this District's. Such issues show why "case-disposition statistics may not always tell the whole story." *Genentech*, 566 F.3d at 1347. When several relevant factors weigh in favor of transfer and others are neutral, as here, the speed of the transferee district court cannot alone outweigh all the other factors (*id*.), especially when Signode does not practice the Asserted Patents (*see* Dkt. 22, at 7), did not seek a preliminary injunction, and has shown no irreparable harm by a slightly later trial.

Dated: September 18, 2024

Respectfully submitted,

*/s/ Michael R. Houston*
Michael R. Houston (IL Bar No. 6286431)
Pavan K. Agarwal (D.C. Bar No. 459614)
Tiffany K. Sung (CA Bar No. 323077)
Gabriella M. Salek (IL Bar No. 6342686)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
Telephone: (312) 832-4378
Facsimile: (312) 832-4700
Email: mhouston@foley.com
　　　　pagarwal@foley.com
　　　　tsung@foley.com
　　　　gsalek@foley.com

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

**Attorneys for Defendants**

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 18th day of September 2024.

Dated: September 18, 2024

Respectfully submitted,

*/s/ Melissa R. Smith*
Michael R. Houston (IL Bar No. 6286431)
Pavan K. Agarwal (D.C. Bar No. 459614)
Tiffany K. Sung (CA Bar No. 323077)
Gabriella M. Salek (IL Bar No. 6342686)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
Telephone: (312) 832-4378
Facsimile: (312) 832-4700
Email: mhouston@foley.com
pagarwal@foley.com
tsung@foley.com
gsalek@foley.com

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

**Attorneys for Defendants**

7