IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SIGNODE INDUSTRIAL GROUP LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMUEL, SON & CO., LTD. and SAMUEL, SON & CO. (USA) INC. d/b/a SAMUEL PACKAGING SYSTEMS GROUP and SAMUEL STRAPPING SYSTEMS,<br><br>    Defendants. | Civil Action No. 2:24-cv-00080-JRG |

**SECOND DECLARATION OF TRACI CHAPPLE IN SUPPORT OF DEFENDANTS SAMUEL, SON & CO., LTD.'S AND SAMUEL, SON & CO. (USA) INC.'S MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1404(a)**

I, Traci Chapple, declare as follows:

1. I am Product Design Manager at Samuel, Son & Co. (USA) Inc. ("Samuel USA"). I am submitting this declaration in support of Samuel USA's and Samuel, Son & Co., Ltd. ("Samuel Canada") (collectively, "Samuel") Reply in Support of its Motion to Transfer to the Northern District of Illinois Pursuant to 28 U.S.C. § 1404(a).

2. Since submitting my first declaration in support of Samuel's Motion to Transfer, I have further investigated the products handled and the documents located at Samuel's Longview facility. I have confirmed that the Longview facility has not and does not offer for sale, sell, make, distribute, or store the STL-500 (the "Accused Product"). Consistent with this, there are also no brochures, product manuals, or other physical marketing materials related to the Accused Product at the Longview facility. Nor have any such materials been removed in response to this lawsuit.

3. Regarding sales documents related to the Accused Product, I previously stated that "to the extent there are documents related to marketing, sales, or financial accounting of the STL-500 in this District, such documents are not unique, as the same documents are located in N.D. Ill." I have since confirmed that any documents at Longview related to sales or financial accounting of the Accused Product are electronic in nature and are easily accessed from N.D. Ill. Further, they are limited to regional sales, which is just a minor subset of the overall Accused Product sales information Samuel possesses. There are no physical documents related to marketing, sales, or financial accounting of the Accused Product located at Samuel's Longview facility, nor have any such materials been removed in response to this lawsuit. To my knowledge, no such physical documents have ever been located or available in any capacity at the Longview facility since this location does not sell or handle the STL-500. Physical documents are located in N.D. Ill. at Samuel USA's headquarters in Woodridge while electronic documents are stored on a server in Canada.

-2-

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 09/17/2024.

_____
Traci Chapple