# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| SIGNODE INDUSTRIAL GROUP LLC, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:24-cv-00080-JRG |
| SAMUEL, SON & CO., LTD and SAMUEL, SON & CO. (USA) INC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          DIMONTE GROUP, INC.
c/o Foley & Lardner LLP

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: K&L Gates LLP<br>70 W Madison St, Suite 3300<br>Chicago, IL 60602 | Date and Time:<br><br>10/09/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Nathan Fuller |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Signode Industrial Group LLC _____, who issues or requests this subpoena, are:
Nathan Fuller, K&L Gates LLP, 70 W Madison St, Suite 3300, Chicago, IL 60602; nathan.fuller@klgates.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-00080-JRG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## ATTACHMENT A

This subpoena and document request pertains to the matter of *Signode Industrial Group LLC v. Samuel, Son & Co., Ltd. et al*, Case No. 2:24-cv-00080-JRG (E.D. Tex.).

The parties in this matter have entered into a Protective Order to prevent the disclosure of private or sensitive information. Documents produced by You pursuant to this Subpoena may be marked as subject to the applicable Protective Order, provided that they qualify for protection thereunder. A true and correct copy of the Protective Order in this matter is attached hereto as Attachment B for your review and consideration.

The Document Requests seek DOCUMENTS and COMMUNICATIONS within YOUR possession, custody, and/or control. This includes, but is not limited to, any and all DOCUMENTS and COMMUNICATIONS contained on any of YOUR devices (INCLUDING laptop computers, desktop computers, iPads, cell phones, external drives, cloud accounts, etc.), as well as on any of Your electronic and/or cloud accounts (INCLUDING email, text messages, Slack, etc.).

## DEFINITIONS

1.      "**DiMonte Group**" or "**You**" means DiMonte Group, Inc. and its officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any other person or entity acting on its behalf, or any person or entity that served in any such role any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships.

2.      "**Signode**" means Plaintiff Signode Industrial Group LLC and its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants,

1

partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on its behalf, pursuant to its authority or subject to its control.

3.      "**Defendant**" or "**Samuel**" means Defendants Samuel, Son & Co., Ltd. and Samuel, Son & Co. (USA) Inc. d/b/a Samuel Packaging Systems Group and Samuel Strapping Systems and its present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on its behalf, pursuant to its authority or subject to its control.

4.      "**Case**" means the above-referenced litigation: *Signode Industrial Group LLC v. Samuel, Son & Co., Ltd. et al*, Case No. 2-24-cv-00080-JRG (E.D. Tex.).

5.      "**Asserted Patents**" means U.S. Patent Nos. 11,667,417; 11,667,418; and 11,932,430.

6.      "**Person**" or "**persons**" include, without limitation, both natural persons and entities (including corporations, proprietorships, partnerships, associations, joint ventures, governmental agencies, and other entities, and any combination thereof, and all predecessors in interest, successors, affiliates, subsidiaries, and related entities).

7.      "**Document**" or "**documents**" include all things within the meaning and scope of that term as used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, including Federal Rule of Civil Procedure 34(a).

8.      "**Communication**" or "**communications**" mean every manner or method of the disclosure, transfer, transmission, or exchange of information, in whatever form, by whatever means, including, but not limited to, oral, written, face-to-face, telephone, facsimile, network

2

transfer, electronic mail, smartphone messages, voice-mail, text messages, postal mail, personal delivery, or otherwise, at any time or place under any circumstances.  The definition is not limited to transfers between persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged, formal or informal.  This definition also includes all transcripts, summaries, electronic recordings, audio tapes and audio files constituting, reflecting or transcribing such communications.

9.      "**Thing**" or "**things**" shall be interpreted broadly and include, but not be limited to, products, parts, machines, equipment, prototypes, specimens, models, devices, apparatuses, and commercially manufactured items.

10.      "**Product**" or "**products**" mean a machine, manufacture, apparatus, device, instrument, mechanism, appliance, system, or assemblage of components/parts (either individually or collectively), which are designed to function together electrically, mechanically, chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, or under development.

11.      "**And**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

12.      "**Accused Products**" as used herein means the STL-500 Battery Operated Plastic Strapping Tool and products that operate in a similar manner, including, but not limited to the following STL-500 products: 143089 - STL-500 HAND TOOL BATTERY, 12MM STRAP -

6PSTL50012 143090 - STL-500 HAND TOOL BATTERY, 16MM STRAP - 6PSTL50016

143092 - STL-500 HAND TOOL BATTERY, 19MM STRAP - 6PSTL50019 177692 - STL-500

HAND TOOL BATTERY, 16MM STRAP - 6PSTL50016(R).

## **INSTRUCTIONS**

1.      If You contend that any document which would otherwise be producible in response to any request may be withheld under the attorney-client privilege, the attorney-work doctrine, or any other basis, state the following with respect to each such document to explain the basis for the claim of privilege and to permit adjudication of the propriety of that claim:

     a.   The privilege asserted and its basis;

     b.   The nature of the document withheld (e.g. letter, memorandum, etc.);

     c.   The title of the document;

     d.   The date of the document;

     e.   The identity of the author(s) of the document;

     f.   The identity of each recipient of the document or any copy thereof;

     g.   The length of the document;

     h.   The location of the original and each copy of the document;

     i.   The general subject matter of the document, including a statement of sufficient facts and circumstances to explain the basis of the claim privilege and which will permit adjudication of the prosperity of the claim of privilege; and

     j.   The identity of each person, other than your attorneys of record, having knowledge of the factual basis asserted for the privilege.

4

2.      If You object that a term or phrase in these requests is vague, ambiguous or indefinite, You are instructed to provide your understanding of the term or phrase, or what You believe to be a reasonable interpretation of the term or phrase, and respond in accordance with that understanding or interpretation.

3.      If You object that a request is overbroad or to any extent beyond the scope of discovery, You are instructed to explain the manner in and extent to which it is overbroad or beyond the scope of discovery, provide a proposed narrowed request that You agree is not overbroad or beyond the scope of discovery, and respond to Your narrowed request.

4.      If You object that a request is unduly burdensome, You are instructed to explain the manner in and extent to which it is unduly burdensome, provide a proposed narrowed request that You agree is not unduly burdensome, and respond to Your narrowed request.

5.      If You object to only a portion of a request, You are instructed to identify the objectionable portion and to respond and produce documents with respect to the remaining portions.

6.      If a request calls for a document or communication which has been destroyed, placed beyond Your possession, custody or control, or otherwise disposed of, set forth with respect to each such document or communication a brief, but complete, identification and description of the document or communication, including: (i) the identity of all individuals to whom the substance of the document or communication was transmitted, who saw such document or was part of such communication, or who otherwise know any of its contents, and under what circumstances; (ii) the present location of the document or communication, if not destroyed; and (iii) the name, title, home and business address, and home and business telephone number of the

person(s) currently having possession, custody or control of the document or communication, if not destroyed.

7.      Any documents and communication produced for inspection should be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests.  Documents and communications from any single file should be produced in the same order as they were found in such file.

8.      In Your response to these requests, please restate the text of each request preceding Your response thereto.

## DOCUMENTS TO BE PRODUCED

1.      All Documents, Things, and Communications between You and Samuel concerning battery operated plastic strapping tools, including, but not limited to, any Documents, Things, and Communications related to the Accused Products.

2.      All agreements between You and Samuel, including, but not limited to, all agreements reflecting any obligations of indemnity relating to the Accused Products, any agreement referencing and or referenced by such indemnity agreement relating to such obligations, and all agreements explaining Your obligation to support or assist in the defense against claims of patent infringement.

3.      All Documents, Things, and Communications reflecting any analysis, comparison, or testing that You conducted with respect to the Accused Products, including, but not limited to, (1) any analysis or comparison of the Asserted Products against the Accused Patents and (2) any analysis, comparison, or testing of the Asserted Products against any Signode products.

4.      All Documents, Things, and Communications evidencing any notice, advising, or awareness of any patents assigned to, owned by, and/or granted to Signode, including, but not

6

limited to, any Communications between You and Samuel related to any patents assigned to, owned by, and/or granted to Signode.

5.     All Documents, Things, and Communications concerning the market for battery operated plastic strapping tools, including, but not limited to, any Documents, Things, and Communications sufficient to identify Samuel's competitors for battery operated plastic strapping tools.

6.     All Documents and Things concerning Your practice, policy, or procedure for the retention of documents and/or classes or categories of documents, including, but not limited to, e-mail communications, spreadsheets, presentation materials, and word-processing materials.

7.     All documents and things concerning Your practice, policy, or procedure for evaluating and reviewing patents during the process of product design, including, but not limited to, any freedom-to-operate analysis.

# ATTACHMENT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SIGNODE INDUSTRIAL GROUP LLC | § | |
| | § | |
| v. | § | Case No. 2:24-CV-00080-JRG |
| | § | |
| SAMUEL, SON & CO., LTD., et al. | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Signode Industrial Group LLC ("Signode" or "Plaintiff") and Defendants Samuel, Son & Co., Ltd. and Samuel, Son & Co. (USA) Inc. (collectively, "Samuel" or "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY."  The label "CONFIDENTIAL" or "RESTRICTED -

ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and documents produced in native format) for which such protection is sought.  For deposition and hearing transcripts, the label "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."  For documents produced in native format (e.g., Excel spreadsheets), the filename may be amended to include one of the aforementioned labels instead of labeling each page of the natively-produced document.

2.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY,"  both individually and collectively.

pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" ) may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)      outside counsel of record in this Action for the Parties;

(b)      employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)      in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)      up to and including three (3) designated representatives of each of the Parties to the

extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation subject to the provisions of paragraph 19 below;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order; and

(h)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any

such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.  For the avoidance of doubt, nothing in the foregoing paragraph 7 shall preclude any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Order from submitting such Protected Material to a closed[2] generative AI tool, provided that, before the receiving Party submits the designating Party's Protected Material to a closed generative AI tool, the receiving Party shall make reasonably sure that it can delete all produced information from the tool at the close of the Action. The receiving Party will be responsible for destroying such produced information from such tools at the close of the Action. Any material or information generated by a closed generative AI tool shall be considered Protected Material and shall receive the most restrictive designation as that of any Protected Material input into the closed generative AI tool. The receiving Party will be responsible for destroying any generated material or information from such tools at the close of the Action. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY."

9.  For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in

---

[2] A "closed" generative AI tool as used herein refers to a generative AI tool that uses input information solely for the purpose of generating the output information and the input and output information is only accessible to persons authorized to view the material under this Protective Order. For the avoidance of doubt, any generative AI tool that also uses input information for the purpose of training the generative AI tool is not a "closed" generative AI tool and not permitted under this Order.

paragraphs 5(a-b) and (e-h). In the event that a Party has a reasonable need to share Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY with individuals listed in paragraph 5(c), the requesting Party shall identify with specificity the Protected Materials sought to be shared and the reasonable need therefore, and the parties shall meet and confer regarding such request. No disclosure of Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY to individuals listed in paragraph 5(c), shall occur unless the Parties reach agreement or by Court order.

10. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY ("HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. For sake of clarity, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive another Party's HIGHLY

6

SENSITIVE MATERIAL, may participate, supervise, and assist in any and all post-issuance proceedings before the U.S. Patent and Trademark Office as well as similar proceedings in jurisdictions outside the U.S., including without limitation *Inter Partes* Review (IPR) proceedings, even if they have received the other Party's HIGHLY SENSITIVE MATERIAL, provided that they do not participate or assist in any claim drafting or amendment of claims in such proceedings (e.g., motion-to-amend practice in an IPR proceeding or claim amendments in a reexamination proceeding).

11.  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

12. Each party receiving such designated material shall comply with all applicable export control statutes and regulations. Nothing in this Order shall require the production of personally identifiable information ("PII") that is protected or precluded from disclosure under the Federal Act on Data Protection (DPA), the General Data Protection Regulation (GDPR), or any other foreign or international law. Any such PII, as defined under applicable foreign or international law, shall be redacted from any documents and materials produced by a party without the need for the producing party to identify such PII in its privilege log. Any party that inadvertently or unintentionally produces documents, information or other material containing unredacted PII may obtain the return of such documents, information, or other material by promptly notifying the recipient(s). The recipient(s) shall gather and return all copies of such documents, information, or other material containing the unredacted PII to the producing Party, except for any pages containing properly redacted PII, which pages shall instead be destroyed and certified as such to the producing Party. The Parties agree, however, that this proceeding establishes a legal obligation to collect and produce documents and information that is subject to discovery in this litigation, including documents and information that may be located in foreign jurisdictions. No Party shall unreasonably withhold the names and any known past and/or current company name information of relevant witnesses located outside the U.S., and shall otherwise minimize withholding information to that strictly necessary to abide by legal restrictions associated with PII.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and

material to protect against disclosure to any unauthorized persons or entities.

14.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. For avoidance of doubt, DESIGNATED MATERIAL may be shown to the designating party's witness(es) put forth to testify on behalf of that party under FRCP 30(b)(6). DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court. Counsel for any producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), and translators, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only

during periods of examination or testimony regarding such Protected Material.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "RESTRICTED - ATTORNEY' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) calendar days of receipt of the written request, the

requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. DESIGNATION OF EXPERTS AND CONSULTANTS

(a) Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

(b) Before any DESIGNATED MATERIAL is disclosed to an outside consultant or expert, the following information must be provided in writing to the producing Party and received no less than seven (7) business days before the intended date of disclosure to that outside consultant or expert: the items specified in Federal Rules of Civil Procedure 26(a)(2)(B)(iv)-(vi), including an identification of which party was represented for any items listed under FRCP 26(a)(2)(B)(v), and any past consulting or employment relationship between the outside consultant or expert and either Party or any Party-affiliated entities.

(c) If the producing Party objects to the disclosure of DESIGNATED MATERIAL to

a receiving Party's outside consultant or expert, the producing Party shall within seven (7) business days of receipt serve written objections identifying the specific basis for the objection, and identifying the information to which disclosure is objected. Failure to object within seven (7) business days shall authorize the disclosure of DESIGNATED MATERIAL to the consultant or expert. As to any objections, the Parties shall attempt in good faith to promptly resolve any objections informally within five (5) business days of the objection. If the objections cannot be resolved, the Party seeking to prevent disclosure of the DESIGNATED MATERIAL to the outside consultant or expert shall move within five (5) business days of the meet and confer for an order of the Court preventing the disclosure.  If no such motion is made within five (5) business days, disclosure to the consultant or expert shall be permitted.  In the event that objections are made and not resolved informally, and a motion is filed, disclosure of DESIGNATED MATERIAL to the consultant or expert shall not be made except by order of the Court.

(d) No Party shall attempt to depose any consultant or expert of another Party until such time as the consultant or expert is designated by the Party engaging the consultant or expert as a testifying expert.  Notwithstanding the preceding sentence, any Party may depose a consultant or expert as a fact witness provided that the Party seeking such deposition has a good faith, demonstrable basis independent of the Acknowledgement of Appendix A or the provided DESIGNATED MATERIAL that such person has personal knowledge of facts relevant to this Action or of facts likely to lead to the discovery of admissible

evidence, independent of any knowledge that such person develops through work as a consultant or expert in this Action; however, such deposition, if it precedes the designation of such person by the engaging Party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging Party chooses not to designate the consultant or expert as a testifying expert, the non-engaging Party shall not seek discovery or trial testimony as to the scope or subject matter of the engagement.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED -- ATTORNEYS' EYES ONLY" in accordance with this Order.

22. If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated pursuant to this Order, that Party must:

a. notify the designating Party via email within 5 business days of receiving the

subpoena. Such notification shall include a copy of the subpoena or court order;

b. promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order and copy counsel for the designating Party; and

c. not interfere with respect to all reasonable procedures sought to be pursued by the designating Party whose DESIGNATED MATERIAL may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated pursuant to this Order before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission, or required by court order to do so. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

23. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. The foregoing requirements do not apply to DESIGNATED MATERIAL that has been archived on backup media or otherwise stored as difficult-to-access backup data according

to a Receiving Party's normal or allowed processes.

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional

protection of DESIGNATED MATERIAL.

29. This Order shall be binding upon the Parties, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control. This paragraph applies only to the extent any such person or entity has received DESIGNATED MATERIAL.

30. To the extent any Party finds that the provisions of this Order are interfering with the efficient preparation of the case for trial or that stricter provisions may be necessary for the protection of a Party's confidential information, they may seek modifications from the Court without being prejudiced by having agreed to any of the provisions.

## So Ordered this

**Jun 29, 2024**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SIGNODE INDUSTRIAL GROUP LLC | § | |
| | § | |
| v. | § | Case No. 2:24-CV-0080-JRG |
| | § | |
| SAMUEL, SON & CO., LTD., et al. | § | |

## APPENDIX A
### UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.     My address is _____.

   My current employer is _____.

   My current occupation is _____.

2.     I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY"  that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____