IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SIGNODE INDUSTRIAL GROUP LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMUEL, SON & CO., LTD., ET AL., <br><br> Defendants. | Case No. 2:24-CV-00080-JRG <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF SIGNODE INDUSTRIAL GROUP LLC'S REPLY TO
SAMUEL'S OPPOSITION TO SIGNODE'S MOTION TO STRIKE**

# TABLE OF CONTENTS

I.   Samuel's Patent Misuse Defense Fails And Any Amendment Would Be Futile.................... 1

II.  Samuel's Unclean Hands Defense Fails And Any Amendment Would Be Futile.................. 4

## **TABLE OF AUTHORITIES**

*B. Braun Med., Inc. v. Abbott Lab'ys*
   124 F.3d 1419 (Fed. Cir. 1997) .................................................................................... 3

*EON Corp. IP Holdings, LLC v. Landis+Gyr Inc.*
   No. 6:11-CV-00317, 2013 WL 12040726 (E.D. Tex. May 17, 2013) (Rep. & Rec.) ................ 3

*Eon Corp. IP Holdings, LLC v. Landis+Gyr Inc.*
   No. 6:11-CV-00317, 2013 WL 12044972 (E.D. Tex. Aug. 13, 2013) (Rep. & Rec.) ................ 2

*Gilead Scis., Inc. v. Merck & Co.*
   888 F.3d 1231 (Fed. Cir. 2018) ............................................................................... 1, 5

*In re Gabapentin*
   648 F. Supp. 2d 641 (D.N.J. 2009) ......................................................................... 1, 2

*JumpSport, Inc. v. Acad., Ltd.*
   No. 6:17-CV-414-RWS-JDL, 2018 WL 10124888 (E.D. Tex. Sept. 6, 2018) ........................... 5

*Keystone Driller Co. v. General Excavator Co.*
   290 U.S. 240 (1933) ..................................................................................................... 5

*Luv n' Care, Ltd. v. Laurain*
   98 F.4th 1081 (Fed. Cir. 2024) ................................................................................... 5

*Minebea Co., Ltd. v. Papst*
   444 F. Supp. 2d 68 (D. D.C. 2006) ............................................................................ 3

*Miracor Medical SA v. Abbott Labs.*
   No. 23 C 16257, 2024 WL 4487294 (N.D. Ill. Oct. 7, 2024) ............................................. 4

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*
   324 U.S. 806 (1945) ................................................................................................ 4, 5

*Va. Panel Corp. v. MAC Panel Co.*
   133 F.3d 860 (Fed. Cir. 1997) ...................................................................................... 2

Samuel fails to identify a single case concluding that improper inventorship rises to the level of patent misuse or unclean hands. Samuel does not identify any case concluding that a patentee has acted improperly by pursuing two families of patent applications that happened to be assigned to different examiners. Instead, Samuel improperly bolsters its allegations with new, unpled facts. Even giving credit to these new facts, Samuel has not—and cannot—provide fair notice of any patent misuse or unclean hands defense. At best, Samuel's allegations boil down to:

- Signode purportedly pursuing the "Finzo" applications knowing inventorship was incorrect despite the fact that inventorship can be corrected, if necessary; and
- Signode purportedly obtaining claim scope in the "Finzo" applications that is not supported in the 2012 Swiss priority applications, which would simply mean certain claims may have a later effective filing date.

Nothing about these alleged actions puts Signode on fair notice as to how it has enlarged the physical or temporal scope of the '417 or '430 Patents; how its actions have had an anti-competitive effect; or what conduct is so unconscionable that Signode should be prohibited from asserting its claims against Samuel, which are each required for Samuel's defenses. Samuel spins an interesting tale, but the conduct Samuel takes issue with is simply routine patent prosecution. Samuel's preference to "divert attention from dry, technical, and complex merits issues toward allegations of misconduct based on relative commonplace disputes" is the exact misuse of these defenses the Federal Circuit cautions against. *Gilead Scis., Inc. v. Merck & Co.*, 888 F.3d 1231, 1240 (Fed. Cir. 2018). Samuel's patent misuse and unclean hands defense should be stricken.[1]

## I.     Samuel's Patent Misuse Defense Fails And Any Amendment Would Be Futile

Samuel confusingly cites to *In re Gabapentin*, 648 F. Supp. 2d 641 (D.N.J. 2009), claiming pre-issuance conduct may constitute patent misuse. The facts of *Gabapentin* are unique to the pre-

---

[1]  Samuel concedes its "other equitable defenses" should be stricken. ECF No. 57 at 1-2.

GATT[2] patent term framework because the patentee there was able to manipulate the patent prosecution process by intentionally withholding relevant prior art, which eventually resulted in the post-issuance term extension of the asserted patent by *five years*. The patentee in *Gabapentin* engaged in this conduct "for the purpose of forestalling generic competition," which impacted "the public's free access to inventions, and, more specifically, to lower-priced generic pharmaceuticals." *Id.* at 654. In addition to being irrelevant to this case, *Gabapentin* also contradicts cases from this district confirming a party cannot misuse a patent not in existence. *See, e.g.*, *Eon Corp. IP Holdings, LLC v. Landis+Gyr Inc.*, No. 6:11-CV-00317, 2013 WL 12044972, at *3 (E.D. Tex. Aug. 13, 2013) (Rep. & Rec.).

Further, unlike *Gabapentin*, by abandoning Amacker and pursuing Finzo, Signode **narrowed** the temporal scope of any issued patent since the '417 and '430 Patents will expire 20 years from 2013 whereas any patent that would have issued from Amacker—had Signode not abandoned it—would have expired 20 years from 2014. As for broadening the physical scope of its patent rights, Samuel does not allege Signode has engaged in any improper tying or any improper enforcement of its patent beyond the plain scope of the issued claims of the '417 and '430 Patents. Under these circumstances, Signode's allegations of infringement against Samuel are reasonably within the patent grant and "do[] not have the effect of broadening the scope of the patent claims and thus cannot constitute patent misuse." *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997). Even if the claims of the '417 and '430 Patents lack sufficient disclosure in the 2012 Swiss applications, Samuel does not contend that other priority applications in the family (i.e., the 2013 PCT application) are similarly deficient. There is nothing improper

---

[2]  Pre-GATT, the term of any issued patent would be 17 years from issuance, rather than 20 years from the earliest effective filing date.

about adding subject matter at the PCT stage; it would just result in certain claims having a different effective filing date. Asserting granted claims within their reasonable scope as Signode has done forecloses Samuel's patent misuse defense. *See, e.g.*, *EON Corp. IP Holdings, LLC v. Landis+Gyr Inc.*, No. 6:11-CV-00317, 2013 WL 12040726, at *3 (E.D. Tex. May 17, 2013) (Rep. & Rec.) ("Such an allegation does not amount to a claim for patent misuse…Rather, the allegations demonstrate SSN's belief that this lawsuit is frivolous, and that it has an invalidity defense.").

Samuel also fails to distinguish Signode's cases that discuss how alleged patent misuse is a temporary defense that can be purged. *B. Braun Med., Inc. v. Abbott Lab'ys*, 124 F.3d 1419, 1427 (Fed. Cir. 1997) ("When used successfully, this defense results in rendering the patent unenforceable until the misuse is purged."). Samuel simply argues the "alleged misuse concerns assertion of the improperly obtained '417 and '430 Patents." ECF No. 57 at 13. But this argument is belied by the very facts Samuel relies on to demonstrate purported misconduct, which is centered on conduct related to "pursu[ing] patent protection over the same or substantially the same subject matter via two different sets of applications being considered by two different examiners…while naming two different sets of inventors"—conduct that undisputedly ceased when Amacker was abandoned in 2019. ECF No. 47 at 35; *see also* ECF No. 57 at 5, 13. In Samuel's view, there is nothing Signode could now do to remedy the alleged misuse, which is contrary to the law. *B. Braun*, 124 F.3d at 1427; *see also Minebea Co., Ltd. v. Papst*, 444 F. Supp. 2d 68, 209-10 (D. D.C. 2006) ("Patent misuse is an equitable defense against patent infringement; it renders the patent unenforceable ***until the misuse is cured and thus provides a temporary defense***." (emphasis added)). That Samuel contends the '417 and '430 Patents were improperly obtained and thus can never be asserted confirms that Samuel's defense is inequitable conduct, not patent misuse.

As for anticompetitive effect—another critical requirement to plead patent misuse—

3

Samuel's response suggests that Signode presented these claims solely because it wanted to improperly assert them against Samuel's newly released STL-500 tool. ECF No. 57 at 1, 5, 6, 13. These allegations regarding Signode's motives are nowhere to be found in Samuel's affirmative defense.[3] Samuel's allegations similarly provide **no** facts suggesting Signode's conduct that predated the filing of the application that led to the '417 and '430 Patents had any anticompetitive impact. *See* ECF No. 47 at 34-35. Samuel's factually unsupported motivations make no sense given Signode has other patents, including the asserted '418 Patent, that Samuel also infringes.

## II. Samuel's Unclean Hands Defense Fails And Any Amendment Would Be Futile

Samuel contends that pre-issuance conduct alone can provide a basis for unclean hands without alleging inequitable conduct. But the cases Samuel cites do not support this proposition. In *Miracor Medical SA v. Abbott Labs.*, No. 23 C 16257, 2024 WL 4487294 (N.D. Ill. Oct. 7, 2024), for example, while the defendant relied on prosecution conduct to support its unclean hands defense, the Court made clear that the defense was ***inequitable conduct***. 2024 WL 4487294, at *3 ("[t]o prove inequitable conduct enough for unclean hands to apply, a party must show egregious misconduct . . ."). The Supreme Court's decision in *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806 (1945), is similarly rooted in "inequitable conduct." *Id.* at 819 (describing the party "knew of and suspected the perjury and failed to act so as to uproot it and destroy its effects" and instead "acted affirmatively to magnify and increase those effects").

The conduct in *Gilead* also went well beyond routine patent prosecution strategy. The Court characterized the conduct as "pre-litigation ***business*** misconduct," including the patentee's prosecution attorney participating in a confidential call despite an agreement that "call participants

---

[3] Samuel's motion to dismiss briefing chided Signode for relying on evidence not pled, which is what Samuel does in response to this motion. *See, e.g.*, ECF No. 36 at 2. Samuel also asks this Court to take judicial notice of related patent applications (ECF No. 57 at 4 n.2), despite this Court declining to do so in resolving Samuel's motion to dismiss. ECF No. 39 at 6-7.

4

not be involved in related Merck patent prosecutions." *Gilead*, 888 F.3d at 1240-41. Merck then continued to use this same attorney that made prosecution decisions based on the confidential competitive information he learned. *Id.* at 1241. In addition to this "business misconduct," Merck engaged in litigation misconduct including "intentional testimonial falsehoods." *Id.* at 1244. Because the Court was concerned about the misuse of unclean hands for "relatively commonplace disputes," the Court explained that no single fact was the basis of its decision, but rather, "[o]ur decision rests only on the totality of the evidence-supported misconduct." *Id.* at 1240.

Samuel's discussion of these cases misses the point. Even assuming Signode has named the wrong inventors, Samuel's own cited authority confirms that this would be insufficient as a matter of law to plead unclean hands. In *JumpSport, Inc. v. Acad., Ltd.*, No. 6:17-CV-414-RWS-JDL, 2018 WL 10124888, at *2 n.3 (E.D. Tex. Sept. 6, 2018) (cited at ECF No. 57 at 7), Magistrate Judge Love recommended *striking* defendants' unclean hands defense despite defendants' assertion that the inventor of the asserted patent "possess[ed] an intent to deceive [the] Patent Office on the question of inventorship." *Id.* at *5. The cases Samuel relies on confirm that the conduct it identifies falls well short of the required egregious or unconscionable conduct necessary to plead and provide fair notice of an unclean hands defense, with each case involving perjury (*Precision Instrument*, *Gilead*, *Keystone Driller*), violations of confidentiality obligations (*Gilead*), and/or suppression of evidence known to be invalidating (*Keystone Driller*). As for *Luv n' Care, Ltd. v. Laurain*, 98 F.4th 1081, 1094 (Fed. Cir. 2024), the unclean hands defense had nothing to do with prosecution activity at all, but instead was based on litigation misconduct.

For the reasons discussed in Signode's Motion (ECF No. 54) and this Reply, Samuel's Twelfth Affirmative Defense should be stricken in its entirety and leave to amend denied as futile.

| | |
|---|---|
| Date: October 24, 2024 | Respectfully submitted,<br><br>*/s/ Devon C. Beane by permission Andrea L. Fair*<br>Devon C. Beane (Lead Counsel)<br>(admitted *pro hac vice*)<br>Jason Engel (admitted *pro hac vice*)<br>Nathan Fuller (admitted *pro hac vice*)<br>Jared Lund (admitted *pro hac vice*)<br>**K&L GATES LLP**<br>70 W. Madison Street, Suite 3300<br>Chicago, IL 60602<br>Tel.: (312) 372-1121<br>devon.beane@klgates.com<br>jason.engel@klgates.com<br>nathan.fuller@klgates.com<br>jared.lund@klgates.com<br><br>Erik Halverson (admitted to practice in this district)<br>**K&L GATES LLP**<br>4 Embarcadero Center, Suite 1200<br>San Francisco, California 94111<br>Tel.: (415) 882-8238<br>erik.halverson@klgates.com<br><br>Andrea Fair<br>Texas Bar No. 24032294<br>**MILLER FAIR HENRY, PLLC**<br>1507 Bill Owens Pkwy<br>Longview, TX 75604<br>Tel: (903) 757-6400<br>Fax: (903) 757-2323<br>andrea@millerfairhenry.com<br><br>*Attorneys for Plaintiff Signode Industrial Group LLC* |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on October 24, 2024.

*/s/ Andrea L. Fair*
Andrea L. Fair